Ann KOLLER and Henry Koller, Jr., Plaintiffs,

v.

AETNA LIFE INSURANCE CO., Blue Cross & Blue Shield United of Wisconsin, and Briggs and Stratton Corp., Defendants.

No. 87–C–903.

United States District Court, E.D. Wisconsin.

March 1, 1988.

Marjan R. Kmiec, Milwaukee, Wis., for plaintiffs.

David R. Cross, Quarles & Brady, Milwaukee, Wis., for defendants, Aetna Life Ins. Co. and Briggs and Stratton Corp.

Elizabeth Bartlett, Milwaukee, Wis., for defendant, Blue Cross & Blue Shield.

## DECISION AND ORDER

STADTMUELLER, District Judge.

This case was removed to the federal court on August 5, 1987 and was transferred to this branch by Judge Thomas J. Curran on October 14, 1987. Plaintiffs assert a number of claims against their insurers and Mrs. Kollar's employer rising out of the insurers' refusal to pay a substantial part of Mrs. Kollar's medical bills. Presently pending is plaintiffs' motion to amend their complaint to include a claim under 42 U.S.C. § 1983.

The proposed amendment alleges that the defendants failed properly to investigate and arbitrarily denied and delayed claims rising out of cancer treatment received by Mrs. Kollar, in violation of plaintiffs' rights under the fifth and fourteenth amendments to the United States Constitution. Defendants object to the amendment on the ground that plaintiffs cannot establish the "state action" requirement of § 1983. The court may deny amendment if the new claim could not withstand a motion to dismiss. *Glick v. Koenig,* 766 F.2d 265, 268–69 (7th Cir.1985).

An action under § 1983 is available only if "state action" is present. *Ezpeleta v. Sisters of Mercy Health Corp.,* 800 F.2d 119, 122 (7th Cir.1986)

> [T]he "ultimate issue in determining whether a person is subject to suit under section 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?'" [citations omitted] The state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state. [citations omitted]

*Id.*

The proposed amended complaint attempts to satisfy the "state action" requirement by asserting the following (¶ 14):

> Before Aetna and Blue Cross or any other insurance company is permitted to

sell any policy in the state of Wisconsin each policy and risk classification is approved by the Commissioner of Insurance. In addition, Aetna and Blue Cross are licensed and extensively regulated by the Insurance Commissioner pursuant to state law ...

I believe that the defendants' decisions to deny benefits in this case was a purely private one, notwithstanding that they are licensed and regulated by the state. That sort of involvement is simply too attenuated to implicate § 1983, as there is nothing to suggest that the state coerced or significantly encouraged defendants to make the benefit decisions they did. *See Ezpeleta,* 800 F.2d at 122 (private hospital's decision to terminate staff privileges not attributable to state under § 1983 even though decision was made pursuant to statutorily mandated Indiana peer medical review process); *Brown v. Retirement Comm. of Briggs & Stratton,* 797 F.2d 521, 527–28 (7th Cir. 1986) (trustee's decision to deny disability benefits under pension plan involves no "state action" even though ERISA establishes minimum standards applicable to fiduciaries).

Plaintiffs cite *Stern v. Massachusetts Indem. and Life Ins. Co.,* 365 F.Supp. 433 (E.D.Pa.1973), in support of their position. That case is not persuasive. There, plaintiffs alleged that the defendant insurer refused to sell disability insurance to women on the same terms available to men. The court found "state action" under § 1983 because the complaint attacked risk classifications approved by the State Pennsylvania. Plaintiffs in this case complain about defendants' arbitrary methods and delay, considerations over which the state has no apparent control. Moreover, *Stern* was effectively overruled by the Third Circuit Court of Appeals in *Broderick v. Associated Hosp. Serv. of Philadelphia,* 536 F.2d 1 (1976) (claim that insurers' rate and enrollment policies discriminated against married women involved no "state action" under § 1983 even though Pennsylvania approves contract subscribers and rates). For these reasons,

IT IS HEREBY ORDERED that plaintiffs' motion to amend their complaint be and the same is hereby DENIED.