Jackson B. SMITH and Vivian E. Smith, Plaintiffs–Appellants,

v.

BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN and Delco Electronics Corporation, Defendants–Appellees.

Jackson B. SMITH and Vivian E. Smith, Plaintiffs–Appellants,

and

Marjan R. Kmiec, one of the Attorneys for Plaintiffs, Appellant,

v.

BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN and Delco Electronics Corporation, Defendants–Appellees.

Nos. 89–3523, 90–1378.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1991.

Decided March 27, 1992.

Marjan R. Kmiec (argued), Christopher A. McConville (argued), Milwaukee, Wis., for plaintiffs-appellants.

Kim M. Cafaro (argued), Laurel Barnes, Blue Cross & Blue Shield of Wisconsin, Susan R. Maisa (argued), George D. Cunningham, Foley & Lardner, Milwaukee, Wis., for defendants-appellees.

Christopher A. McConville, Marjan R. Kmiec, Milwaukee, Wis., for appellant.

Before WOOD, Jr.[1] and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

In March 1989, the Smiths filed a complaint against Delco Electronics and Blue Cross and Blue Shield in a Wisconsin court. The complaint alleged that Mr. Smith was employed by Delco Electronics and that he and his wife were beneficiaries of Delco's group insurance plan, which was insured by Blue Cross. It alleged in an introductory portion that the plan provided remedies both under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* and state law. Because of Mr. Smith's arthritis and Mrs. Smith's diabetes, they undertook a weight loss program under medical supervision and submitted the bills to Blue Cross for payment. On August 20, 1987, Blue Cross denied the Smiths' claims. Although the complaint asserted plaintiffs' entitlement to ERISA remedies, it set forth as separate claims for relief state law claims that the denial was a breach of contract, was done in bad faith, that the denial was a breach of

---

**1.** Judge Wood, Jr., assumed senior status January 16, 1992, after oral argument of this case.

fiduciary duty, caused emotional distress, and deprived them of constitutional rights to life, liberty and property.

Delco and Blue Cross removed the case to federal court on the ground that the action arose under the constitution and laws of the United States, including ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (exception to well-pleaded complaint rule when ERISA preemption is a defense). Delco and Blue Cross then moved to dismiss the case on grounds that the state causes of action were preempted by ERISA and that the constitutional claims could be based only on actions by government entities. In the alternative, they moved for summary judgment on the ground that if the complaint be construed as an ERISA claim for benefits, it must be dismissed because the Smiths did not exhaust their internal remedies under the plan. Delco and Blue Cross also moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The district court dismissed the action and imposed sanctions against the plaintiffs' attorneys, awarding defendants their costs and reasonable attorneys' fees. *Smith v. Blue Cross & Blue Shield United of Wisconsin,* 724 F.Supp. 618 (E.D.Wis.1989). Delco and Blue Cross requested fees and costs of $17,244.32, and the district court awarded $12,874.32. The Smiths and Mr. Kmiec, one of their attorneys, have appealed. The issues before us are whether the Smiths' state law claims are preempted by ERISA, whether they exhausted their internal remedies under the plan, and whether the court erred by awarding sanctions.

### ERISA PREEMPTION

■ ERISA preempts all state laws which "relate to any employee benefit plan," 29 U.S.C. § 1144(a) (preemption clause), unless the state law "regulates insurance, banking, or securities," 29 U.S.C. § 1144(b)(2)(A) (saving clause). However, self-funded plans are exempt from state laws that regulate insurance. 29 U.S.C. § 1144(b)(2)(B) (deemer clause); *FMC Corp. v. Holliday,* — U.S. —, 111 S.Ct.

403, 409, 112 L.Ed.2d 356 (1990). The Supreme Court has held that ERISA preempts state common law tort and contract actions, including bad faith claims, "asserting improper processing of a claim for benefits under an ERISA-regulated plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987). In *Pilot Life,* the Court said that the bad faith common law cause of action asserted there relates to an employee benefit plan. The cause of action therefore comes under the preemption clause, and is not saved because the state (Mississippi) law of bad faith does not regulate insurance.

■ Although the Smiths' state common law tort and contract claims are the same as those brought by the plaintiffs in *Pilot Life,* the Smiths argue that *Pilot Life* does not apply to Wisconsin's bad faith common law. They argue that in *Pilot Life,* the Court considered Mississippi's law of bad faith, and that Mississippi's law applies generally while Wisconsin's law of bad faith is applied only to insurance contracts. That distinction cannot be maintained. In *Pilot Life,* the Court said,

> Even though the Mississippi Supreme Court has identified its law of bad faith with the insurance industry, the roots of this law are firmly planted in the general principles of Mississippi tort and contract law. Any breach of contract, and not merely breach of an insurance contract, may lead to liability for punitive damages under Mississippi law.

*Id.* at 50, 107 S.Ct. at 1554. Wisconsin's law of bad faith is similarly "planted in the general principles of [Wisconsin] tort and contract law." In *Anderson v. Continental Ins. Co.,* 85 Wis.2d 675, 271 N.W.2d 368, 371 (1978), the Wisconsin Supreme Court recognized "a cause of action in tort against an insurer for the bad faith refusal to honor a claim of the insured." The court analyzed the bad faith action as a typical tort case:

> By virtue of the relationship between the parties created by the contract, a special duty arises, the breach of which duty is a tort and is unrelated to contract dam-

ages. This tort of bad faith or malicious and intentional harassment by one party to a contract directed toward the other party, who seeks to assert his contract claim, has been referred to as a "tortious breach of contract."

*Id.* 271 N.W.2d at 374. The court also relied on standard contract principles: " 'Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.' " *Id.* at 375 (quoting Restatement of Contracts, Second, § 231 (tentative drafts Nos. 1–7, rev. and edited, 1973)). Thus, under *Pilot Life* the Smiths' claims are clearly preempted by ERISA. This court has found preemption of the same and comparable state law causes of action in two cases decided since oral argument of the Smiths' appeal. *Tomczyk v. Blue Cross & Blue Shield*, 951 F.2d 771, 775 (7th Cir.1991); *Maciosek v. Blue Cross & Blue Shield*, 930 F.2d 536, 538–40 (7th Cir.1991). Attorneys for the plaintiff were the same in all three cases.

■ The Smiths argue that even if their claims are preempted by ERISA, ERISA applies only to plan fiduciaries, and there is no evidence that Delco and Blue Cross are both fiduciaries. The Smiths, however, have waived this claim because they presented it for the first time on appeal. *Maciosek*, 930 F.2d at 540 n. 2. Moreover, in their complaint, the Smiths alleged, "the defendants have various fiduciary duties to the plaintiffs."

## EXHAUSTION

■ The Smiths next argue that even if state law claims are preempted, their complaint also asserts claims under ERISA. The complaint sets forth as separate claims for relief only state law causes of action, and the claim alleging deprivation of constitutional rights. The complaint, in describing the employee benefit plan, says the plan provides remedies under both state law and under ERISA. The complaint would not ordinarily be treated as sufficient pleading of a claim under ERISA. This court has recently considered whether a complaint filed by the same lawyer representing the Smiths could be construed to include ERISA claims. The court held,

> Their decision here to file only state claims in state court, thereby ignoring ERISA, can only be seen as a strategic attempt to avoid removal to federal court. The [plaintiffs] never sought to amend their complaint to add ERISA counts, even after their strategy failed and the case was removed to federal court. They are bound by those decisions.

*Maciosek*, 930 F.2d at 540–41. See, however, *Bartholet v. Reishauer*, 953 F.2d 1073 (7th Cir.1992) holding that a pleading which gives sufficient notice of a claim showing that the pleader is entitled to relief under ERISA should not be dismissed for failure expressly to invoke ERISA.

Even construing the complaint as stating an ERISA claim, we affirm. The district court wrote that summary judgment would then be appropriate because plaintiffs had not exhausted their internal plan remedies. *Smith*, 724 F.Supp. at 622. A district judge may so decide, and we would disturb this decision only if there has been a clear abuse of discretion. *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 925 (7th Cir.1991); *Kross v. Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir.1983). Judgment on this theory will not prevent plaintiffs from exhausting their plan remedy, assuming they are not barred by lapse of time, and then suing upon the merits.

The Smiths argue that requiring exhaustion would be an abuse of discretion because although they did not exhaust their internal plan remedies,[2] two exceptions to

---

2. In their complaint, the Smiths allege that they exhausted their internal remedies, but in their brief they seem to concede that they did not, and an affidavit by Delco's supervisor of benefit plan administration states they did not. Although the Smiths could appeal the claims by merely notifying their local union benefit representative that their claims had been wrongly denied, they did not do so. In his affidavit, Mr. Smith said he contacted his union benefit representative four times, but he said these contacts occurred in 1986, and his claims were not denied until August 20, 1987. The appellate procedure clearly requires that the claimant contact the union benefit representative after the denial of the claim.

the exhaustion requirement apply to them. First, the Smiths claim the futility exception applies to their claims, although they do not explain why an appeal would be futile. In order to come under the futility exception, the Smiths must show that it is certain that their claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 467 (7th Cir.1986) ("absence of 'neutral arbitrator' does not, by itself, render the exhaustion of such procedures futile"), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987); *Carter v. Signode Industries, Inc.*, 688 F.Supp. 1283, 1287 (N.D.Ill.1988) (exhaustion was futile where putative class members had appealed decision and the Director of the Plan "made it clear that no adjustments were forthcoming"). Because the Smiths have presented no facts to show that the review procedure would not work, the futility exception does not apply.

The second exception to the exhaustion requirement is that claimants are not required to appeal when there is a lack of meaningful access to the review procedures. *Carter*, 688 F.Supp. at 1287–88 (there is a lack of meaningful access if claimant attempts to initiate higher levels of review procedure, but a party has denied claimant access to higher levels of review); *Boesl v. Suburban Trust & Sav. Bank*, 642 F.Supp. 1503, 1516 (N.D.Ill.1986) (claimant denied meaningful access because he was not told how to file appeal or told review procedure was available). The Smiths claim they were denied access because, subsequent to the denial of their benefits, they repeatedly requested review, but received no response. There is, however, no support in the record for this assertion. In his affidavit, Mr. Smith says that he asked his union benefit representative to request review and that his lawyer wrote to Blue Cross to request review.

These requests, however, occurred in 1985 and 1986, and the Smiths' claim was not denied until August 20, 1987. At oral argument, the Smiths claimed for the first time that they could not appeal because they had never been informed of the review procedures, despite having requested a plan booklet several times. Not only is there no evidence in the record that the Smiths were unaware of the review procedures, but the Smiths waived this argument by failure to raise it before the district court.

## SANCTIONS

■ The Smiths' lawyer, Mr. Kmiec, has appealed both the decision to award attorneys' fees under Rule 11 and the amount of the fee award. The district judge explained the basis for his award of sanctions: [3]

> This action encompasses a classic violation of Rule 11. No reasonable attorney having read *Pilot Life* and *Taylor* could manufacture a good faith argument as to why this suit should be brought. Further, any attorney making a "reasonable inquiry" would have come across *Pilot Life* and *Taylor*. This case is contrary to settled precedent, and falls directly into the *Eastway Construction [Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985),] definition of having no chance of success under existing precedent. That defense counsel alerted plaintiffs' counsel of the frivolity of the claim and pointed the attorneys to the directly contrary precedent only exacerbates the unreasonableness of plaintiffs's counsels' actions.

*Smith*, 724 F.Supp. at 623.

We must defer to the district judge's decision to award sanctions and reverse only if he abused his discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110

---

**3.** Counsel's signing the complaint was not a violation of Rule 11, subject to sanctions, because the complaint was filed in state court. *Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir.1990). Although the district judge primarily addressed the frivolousness of the complaint, he also referred to the "arguments plaintiffs' counsel advances" and to counsel's ignoring the relevant precedent after removal to federal court, doubtless covering the frivolousness of plaintiffs' brief in opposition to the motion to dismiss. The brief was filed after removal and was a proper predicate for sanctions under Rule 11. *Id., Maciosek*, 930 F.2d at 541–42.

S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). We agree with the district court. Mr. Kmiec's constitutional arguments and preemption arguments in the response to the motion to dismiss were frivolous. Happily he does not repeat the constitutional arguments on appeal.

Constitutional claims clearly cannot be brought against insurance companies merely because they are subject to extensive state regulation. A year before Mr. Kmiec filed the Smiths' complaint, the Eastern District of Wisconsin forcefully rejected a similar claim brought by Mr. Kmiec, *Koller v. Aetna Life Ins. Co.*, 717 F.Supp. 648 (E.D.Wis.1988).

The above discussion of preemption adequately supports the finding that the Smiths' preemption argument was frivolous. Furthermore, Mr. Kmiec did not mention *Pilot Life* in his brief in opposition to the defendants' motion to dismiss, let alone make a good faith argument for a modification or reversal of *Pilot Life*. Mr. Kmiec cannot argue that he was not aware of the weaknesses in his arguments or that a reasonable person would not have been aware of the weaknesses. Before the defendants filed their motion to dismiss, Delco's counsel wrote to Mr. Kmiec and advised him that his claims were frivolous and referred him to the applicable law. Delco's counsel warned that if Mr. Kmiec did not voluntarily dismiss the complaint, or at least amend the complaint to include only ERISA claims, she would request Rule 11 sanctions. Significantly, another panel of this court has recently upheld Rule 11 sanctions against Mr. Kmiec for bringing frivolous state common law claims that were preempted by ERISA. *Maciosek*, 930 F.2d at 542. In a similar case, this court has imposed sanctions on Mr. Kmiec and his associate, Mr. McConville, finding the appeal frivolous. *Tomczyk v. Blue Cross & Blue Shield*, 951 F.2d 771, 777–79 (7th Cir.1991).

### AMOUNTS AWARDED

 Foley & Lardner, attorneys for Delco, submitted an affidavit of costs and attorney's fees totalling $8,979.32. Blue Cross and Blue Shield's in-house counsel submitted an affidavit of costs and attorney's fees totalling $8,265.00.

Mr. Kmiec filed lengthy objections, a substantial part of which reargued the question whether the award of any sanctions was appropriate. He did address many of the items claimed by defendants, in some instances stating an objection, and in some merely reciting what the charge had been.

Judge Warren wrote a decision in which he fairly summarized the objections under 12 headings, and then dealt with them. As to arguments (1)–(3) (inappropriateness of charging for strategy sessions and general conferences between defendants), Judge Warren found them "partially persuasive" and said he applied the conclusions to disputed billings. As to argument (4), (a particular Blue Cross brief with routine citations does not merit the time billed), Judge Warren agreed and reduced the billing by half to $375.00. As to argument (5), (19.9 hours of phone conferences excessive), Judge Warren agreed and reduced by half to $995.00. As to argument (6), (excessiveness of 8 hours for an affidavit), he agreed and reduced by three-quarters, to $100.00. As to argument (7), (8 hours of reviewing claims file with inhouse counsel excessive), he agreed and reduced by three-quarters, to $100.00. As to argument (8), (challenge to charge for 4.8 hours spent by senior counsel at $205.00 per hour), Judge Warren disagreed, saying that as long as the billings are reasonable, plaintiffs cannot complain that Delco chose expensive counsel. As to argument (9), (excessiveness of combined billing rate for strategy conferences), Judge Warren agreed and reduced the item by $700.00. As to argument (10), (similar to (9)), he agreed and reduced the amount by $800.00. As to argument (11), (similar to (9)), Judge Warren agreed and reduced the amount by $400.00. As to argument (12), (similar to (9)), he agreed and reduced the total by $500.00. The court awarded $6,579.32 to Delco and $6,295.00 to Blue Cross.

Mr. Kmiec did include in his statement to the district court the assertion that plaintiffs would have voluntarily dismissed the action against Delco if Delco counsel had notified him that the plan was insured.

Delco counsel asserted that she could not so represent because Delco (for some reason), wished to preserve its position that its plan was self-insured. In this court, Mr. Kmiec argues that Delco counsel failed to mitigate attorney's fees by informing him that the plan was insured, although he did not refer to a duty to mitigate in his objections in the district court.

We are not aware of Mr. Kmiec's reason for believing that he needed both defendants in the case, and why it made any difference in the outcome whether the arrangement between Blue Cross and Delco produced an insured plan or a self-insured plan. And Mr. Kmiec should have dismissed as to both defendants after the controlling authority was pointed out to him. We owe deference to the district court's computation of fees, *Cooter & Gell*, 110 S.Ct. at 2458. Judge Warren carefully considered the objections and made substantial reductions. There was no abuse of discretion.

### SANCTIONS ON APPEAL

■ Delco and Blue Cross request that we also impose sanctions under Rule 38 of the Federal Rules of Appellate Procedure on the ground that Mr. Kmiec pursued a frivolous appeal. Sanctions are appropriate if "the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or sheer obstinacy." *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir.1983). Although in *Maciosek*, 930 F.2d at 542, this court decided not to award Rule 38 sanctions against Mr. Kmiec for his argument that ERISA did not preempt state common law claims, this case is distinguishable from *Maciosek*.

In this case, not only were the preemption arguments frivolous, but also the arguments concerning exhaustion of internal plan remedies had no basis in fact. In *Maciosek*, Mr. Kmiec argued that breach of contract and tortious interference with contract claims were not preempted by ERISA, and this court recognized that it had not addressed whether ERISA preempted those specific issues. In this

case, however, Mr. Kmiec argued that a bad faith claim was not preempted, although that was the exact issue before the Supreme Court in *Pilot Life*. Although the Supreme Court considered Mississippi and not Wisconsin bad faith common law, Mr. Kmiec's attempt to distinguish the laws of the two states was frivolous. His only support for the distinction was a Wisconsin case which held that a duty of good faith does not apply to the termination of a terminable at will employee. *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834, 838 (1983). Mr. Kmiec made no attempt to prove that Wisconsin bad faith law, unlike Mississippi bad faith law, was not based on principles of tort and contract.

Mr. Kmiec's argument that the Smiths should be excused from exhausting their internal remedies was frivolous because no evidence supports this argument. At oral argument, Mr. McConville, Mr. Kmiec's associate, argued that the Smiths could not exhaust their remedies because they had not received a plan booklet which informed them what their remedies were. There is, however, no evidence that the Smiths did not have information about how to appeal the denial of their claims, and this argument was not made until the oral argument to this court. Furthermore, at oral argument, Mr. McConville seemed to claim that he still did not have a description of the review procedures, although a description of the procedure was part of the record, and the appellees included the description in a short appendix to their brief. Mr. McConville also argued that the Smiths had attempted to appeal but had received no response. All of the communications shown in the record, however, clearly occurred before the claim was denied.

The combination of frivolous legal arguments with regard to preemption and frivolous factual arguments with regard to exhaustion appear to warrant the imposition of sanctions on Mr. Kmiec pursuant to Fed.R.App.P. 38. No reasonable attorney could have thought that this court would overturn the decision of the district court, and Mr. Kmiec's arguments are "sheer ob-

stinacy." In conformance with Circuit Rule 38, this opinion will serve as notice to Mr. Kmiec that the court is contemplating sanctions, and we will allow him 14 days to submit a statement as to why sanctions should not be imposed in accordance with this opinion.

Accordingly, the decision of the district court is AFFIRMED.