*Carter v. Pallito*, No. 177-3-14 Wncv (Teachout, J., January 5, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                          **Docket No. 177-3-14 Wncv**

**Bernard Carter**
        **Plaintiff**


        **v.**


**Andrew Pallito, Commissioner of the**
**Vermont Department of Corrections**
        **Defendant**


### DECISION
### DOC's Motion to Dismiss and Mr. Carter's Motion for Summary Judgment

In the complaint, Inmate Bernard Carter claims that the Vermont Department of Corrections (DOC) classified him as a Level C offender without a hearing, in violation of his due process rights, and in violation of its own regulations. The DOC has filed a motion to dismiss for lack of subject matter jurisdiction, arguing that its discretion to classify inmates is unreviewable and, in any event, Mr. Carter failed to exhaust his administrative remedies prior to filing suit. Mr. Carter opposes dismissal and has filed a motion for summary judgment arguing that (1) there is no applicable grievance process, (2) if there is, he substantially complied with it, and (3) he should be relieved of the exhaustion requirement in this case. He also argues that dismissal is premature because he needs an opportunity for discovery to develop his Ex Post Facto claim. Finally, he requests that if the court otherwise is inclined to dismiss on exhaustion grounds, it should stay (not dismiss) this case while he completes the administrative process.

Generally, one is required to exhaust the opportunity to seek an administrative remedy before filing suit. *Rennie v. State*, 171 Vt. 584, 585 (2000) ("This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief."). Here, there is no dispute that Mr. Carter initiated the general grievance process described by DOC Directive 320.01 with regard to his Level C classification. There also is no dispute that he did not pursue the grievance process to its conclusion, an appeal to the Commissioner.

Mr. Carter argues first that he had no obligation to pursue an administrative remedy at all because the directive by which he was classified, Directive 371.10 (Level C Designation for Offenders Convicted of Listed Offenses), is silent with regard to appeals or grievances about Level C designations. While Directive 371.10 may have been silent on administrative remedies, the general grievance process described by Directive 320.01 was available, is not limited to particular subject matters, and Mr. Carter actually pursued a Directive 320.01 grievance. The lack of a more specific grievance process in Directive 371.10 has no bearing on this case.

Mr. Carter argues that he substantially complied with Directive 320.01 because he tried

to follow it in good faith and the missing step, appeal to the Commissioner, is optional. Mr. Carter's good faith is not the issue. The question is whether he exhausted the grievance process. He argues that because the directive says that one *may* appeal to the Commissioner, one also may choose not to and in either event will have exhausted administrative remedies. See Directive 320.01, Procedural Guidelines § 15(b)(i) ("Offender/inmates who are dissatisfied with the decision of the Corrections Executive *may* appeal to the Commissioner . . . .") (emphasis added)). In context, the Directive is clear, however, that one must appeal to the Commissioner to exhaust. *Id*. § 15(b)(iii) ("Upon return of a Commissioner's decision, the disposition is considered final in regard to administrative remedy. There are no further administrative appeals."). Exhaustion requires the appeal to the Commissioner.

Mr. Carter also argues that he should be exempt from the exhaustion requirement because his appeal to the Commissioner would have been futile. Generally, the futility exception is narrow and applies to situations in which exhaustion would have been clearly useless. See, e.g., *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 659 (7th Cir. 1992) (rejecting a futility exception where the result before the agency is not "certain"). The exhaustion requirement is a "long-settled rule of judicial administration [that] serves the dual purposes of protecting the authority of the administrative agency and promoting judicial efficiency." *Jordan v. State Agency of Transportation*, 166 Vt. 509, 512 (1997). The burden is on the party seeking to avoid exhaustion to prove that an exception applies. *Id*. Mr. Carter has shown only that the DOC has provided no relief *so far* and that it has not provided, under a claim of confidentiality, some documents that he has sought. These circumstances are not exceptional and they do not show that an appeal to the Commissioner would have been clearly useless. Applying the exception in this case would undermine the salutary purposes of the requirement.

Mr. Carter also seeks to avoid exhaustion because he is trying to address an important constitutional issue, an Ex Post Facto claim, and for the same reason the court should defer on dismissal to allow time for discovery. The court rejects both arguments. There is no Ex Post Facto claim in the complaint, no motion to amend the complaint to add such a claim, no showing that administrative remedies with regard to such a claim were exhausted, and no compelling argument that such a claim would warrant judicial review prior to exhaustion.

The court also rejects Mr. Carter's request for a stay pending exhaustion. Exhausting administrative remedies while this lawsuit is pending, even if stayed, would undermine rather than reinforce the salutary purposes of the exhaustion requirement.

Because dismissal is required for lack of exhaustion, the court will not address the DOC's alternative argument that its classification decision is unreviewable.

**ORDER**

For the foregoing reasons, the DOC's motion to dismiss is *granted*; Mr. Carter's motion for summary judgment is *denied*.

Dated at Montpelier, Vermont this _____ day of January 2015.

_____
Mary Miles Teachout,
Superior Judge