Ernest J. JACQUES, Appellant,

v.

LOCAL 1418, INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION et al., Appellees.

No. 25764.

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1968.

Rehearing Denied Jan. 21, 1969.

George M. Leppert, New Orleans, La., for appellant.

Alvin J. Liska, New Orleans, La., for appellees.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

This appeal is from a judgment of dismissal entered by the United States District Court for the Eastern District of Louisiana on grounds of res judicata. We affirm.

On August 15, 1962, appellant, Ernest J. Jacques, filed suit in district court alleging violations of section 101(a) (5) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. section 411(a) (5), seeking (1) restoration of his union membership, (2) lost wages at rate of $400 per month from the date of his expulsion, October 13, 1961, to the date of his reinstatement, (3) $5000 as compensation for suffering and other damages sustained as a result of his wrongful expulsion and (4) reasonable attorney's fees. In addition to allegations of damages, the complaint contained allegations that Jacques was wrongfully expelled from the International Longshoremen's Association, Local 1418 after a hearing before the eight named defendants; that the charges against him were false; that he was not given a reasonable time to prepare his defense, and that he was not afforded a full and fair hearing. Jurisdiction was invoked under section 102 of said Act, 29 U.S.C. section 412.

The district judge, Judge Ainsworth, in memorandum opinion filed September 30, 1965, held that appellant was not given a "full and fair hearing" within the meaning of 29 U.S.C. section 411(a) (5) because of inadequate notice [1] and the failure of the union's accusation to inform him with reasonable specificity of the details of the charges. Jacques v. Local 1418, International Longshoremen's Association, 246 F.Supp. 857 (E.D. La.1965). The judgment of December 6, 1965, ordered the union to hold a rehearing within 60 days. There was no appeal by either party.

In said opinion, after holding that there was not a full and fair hearing for the reasons just noted, Judge Ainsworth wrote:

"*We have not awarded plaintiff any relief on his claim for damages. The evidence is silent on this subject, no*

---

1. Jacques was notified by mail of the chargse on October 6, 1961, and was ordered to trial on October 13.

*proof having been adduced to show actual damages.* Since we are returning this case to the Union for retrial because of the lack of procedural due process, we are not now passing on the question of whether the Union had proper justification for plaintiff's expulsion, nor do we order his reinstatement as a member. The claim for attorney's fees is rejected, not being authorized by the provisions of 29 U.S.C.A. § 412." Id. at 860. (emphasis added).

On November 16, 1966, Jacques filed a motion to compel the union to hold a rehearing in accordance with Judge Ainsworth's judgment. Judge Mitchell, successor to Judge Ainsworth, denied the motion by order of March 22, 1967, apparently on the ground that the union, by voluntarily reinstating Jacques on February 28, 1967, without holding a rehearing, had rendered the motion moot.

Thereafter, on May 15, 1967, appellant filed a "Supplemental and Amending Petition" praying for damages as in his original complaint and for other relief. To this "Supplemental and Amending Petition" the union filed a motion to dismiss on the ground that the judgment of December 6, 1965, entered in accordance with Judge Ainsworth's opinion of September 30, 1965, is res judicata on the question of damages. From the judgment of dismissal entered after the granting of this motion, Jacques brings this appeal.

The question presented is whether the judgment of December 6, 1965, is binding as to all claims which were or could have been made in the original complaint or whether the judgment left open the question of damages pending a rehearing by the union.

The opinion contains two comments on the question of damages. First, the court said that it had not given the plaintiff any damages; secondly, it said that there had been no proof of damages. It said nothing about allowing the plaintiff to return after the rehearing to prove damages. The most logical construction to be placed on the language of the opinion is that no damages were awarded because the plaintiff had not proved any.

Supporting this construction is the fact that appellant's right to "such relief * * * as may be appropriate", 29 U.S.C. section 412, arose when he was not afforded the "safeguards against improper disciplinary action" provided for by 29 U.S.C. section 411(a) (5). Section 411(a) (5) provides:

"Safeguards against improper disciplinary action.—

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization * * * unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Section 412 provides in part:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

While this statute grants to the union member a new substantive right, the right to be free from improper disciplinary action by his union, Robertson v. Banana Handlers Inter. Longshoremen's Ass'n, 183 F.Supp. 423, 426 (E.D.La. 1960), this right is secured by the requirement of procedural fairness. "All that a union member is entitled to in any controversy between him and the union is a fair hearing." Smith v. General Truck Drivers, Warehousemen and Helpers Union, Local 467, 181 F.Supp. 14, 17 (S.D.Cal.1960). Having shown that he was not given a full and fair hearing, Jacques was then entitled to prove any damages that he could. Appellant mistakes the theory of his suit by arguing that the question of whether or not the union had "proper justification" for expelling Jacques is a threshold question which had to be decided in favor of

Jacques before he would have any claim for damages at all. Appellant's claim for damages or other appropriate relief arose under 29 U.S.C. section 412 when Jacques was denied the procedural safeguards provided for by 29 U.S.C. section 411(a) (5) regardless of what determination might be made by the union on rehearing. In view of the fact that appellant's right to prove damages had matured at the time of his original suit, it is unlikely that the trial court would have intended him to wait until after the union had held a rehearing to prove his damages. Had it intended such an unusual result, it would have so stated.

For the foregoing reasons we hold that Judge Ainsworth's opinion purported to dispose of appellant's damage claim on the merits and that the judgment entered in accordance therewith is res judicata. The judgment appealed from is

Affirmed.