**Kenneth J. YABLONSKI and Joseph A. Yablonski, as Administrators of the Estate of Joseph A. Yablonski, Appellants,**

v.

**UNITED MINE WORKERS OF AMERICA et al., Appellees.**

**No. 24584.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 8, 1971.

Decided March 17, 1972.

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Messrs. John Silard and Elliott C. Lichtman, Washington, D. C., were on the brief, for appellants.

Mr. Earl C. Dudley, Jr., Washington, D. C., with whom Messrs. Paul R. Connolly and Edward L. Carey, Washington, D. C., were on the brief, for appellees.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

Joseph A. Yablonski filed suit June 27, 1969, against appellees, the United Mine Workers of America (UMWA), W. A. ("Tony") Boyle, its International President, George J. Titler, its International Vice President, and John Owens, its International Secretary-Treasurer. Plaintiff was a long-standing member of the UMWA, a labor organization subject in the conduct of its affairs to provisions of the Labor-Management Reporting and Disclosure Act of 1959

(LMRDA).[1] Plaintiff had announced his candidacy for President of the UMWA, in opposition to the candidacy for re-election of incumbent defendant Boyle. The election was to be held December 9, 1969. The complaint, which invoked provisions of the LMRDA, particularly Sections 609 (29 U.S.C. § 529) and 102 (29 U.S.C. § 412), may for our purposes be further described as having two basic thrusts. One was to obtain a declaratory ruling that the defendants' purported removal of Yablonski as Acting Director of Labor's Non-Partisan League was illegal, and a preliminary injunction compelling effective reinstatement to that position and preventing further reprisals by defendants against plaintiff for exercising rights conferred upon him by various cited provisions of the LMRDA. In the second place, the complaint prayed for an award to plaintiff as against all defendants of actual damages in the sum of $20,000, reasonable attorneys' fees and expenses, and, as against defendant Boyle, for an award of such punitive damages as the court should deem sufficient to deter incumbent officials seeking office from actions such as those alleged in the complaint.

Proceedings in the District Court, which followed shortly upon the filing of the complaint, led the court to issue a preliminary injunction for reinstatement of plaintiff as Acting Director of the League and for related relief. According to further pleadings filed by plaintiff, however, defendants never effectively complied with the order of the District Court.

On December 9, 1969, with the litigation initiated by the complaint still pending, the election for President of the Union was held, after which defendant Boyle announced his own re-election. Plaintiff filed charges with the UMWA to set aside the election. On January 5, 1970, plaintiff and his wife and daughter were found slain in their home.

Two days after the discovery of the bodies of plaintiff and his wife and daughter, defendants filed a suggestion of plaintiff's death, and on January 21, 1970, filed a motion to dismiss the complaint on the grounds that the death of plaintiff had "either rendered moot or deprived the court of jurisdiction" of all issues in the case except those arising under Sections 501(a) and (b) of the LMRDA (29 U.S.C. §§ 501(a), (b)), and that as to those matters the complaint fails to state a claim.[2] On April 6, 1970, appellants Kenneth J. Yablonski and Joseph A. Yablonski, as administrators of the estate of their father, the original plaintiff, sought in the District Court substitution for the deceased and continuation of the suit. Their motion in that regard was not acted upon by the District Court. They have been substituted as appellants by sua sponte order of this court.

The District Court, on June 22, 1970, 314 F.Supp. 616, entered its Order that, "the motion of the defendants to dismiss . . . C.A.1799–69 . . . as moot is granted . . . ." On the same day the court filed an "Opinion and Order" in which the court referred to C.A.1799–69—the "reinstatement case" —as having been orally dismissed after argument because "mooted by reason of the fact that the election is over and no further relief is available in this court." Mention was made in the Opinion and Order of Sections 501(a) and (b),[3] but no mention was made in either the Opinion and Order or in the Order of the claims for damages advanced in the complaint.

Neither the holding of the election, nor the death of the original plaintiff, rendered moot the claims for actual and

---

1. P.L. 86–257, 73 Stat. 519 (codified in scattered sections of Title 29, U.S.Code).

2. 29 U.S.C. § 501(a) is relied upon in the complaint only as providing that union officers have a fiduciary duty to manage union affairs solely for the benefit of its members. It has no relevance to plaintiff's claims for damages.

3. *See* note 2, *supra.*

punitive damages, or the question of appellants' right to continue the suit in respect of those claims. For this reason, without intimating any view as to the merits of those issues, and without intimating any view as to right of survivorship, we reverse the Order dismissing the complaint as moot insofar as the complaint seeks damages and a right in appellants to continue the suit in that respect, and we remand for further proceedings not inconsistent with this opinion.

It is so ordered.