Frank WINTERBERGER,
Plaintiff-Appellant,

v.

GENERAL TEAMSTERS AUTO TRUCK DRIVERS AND HELPERS LOCAL UNION 162 and Joseph M. Edgar, Defendants-Appellees.

No. 75–2854.

United States Court of Appeals,
Ninth Circuit.

Aug. 5, 1977.

T. Leonard O'Byrne, Portland, Or., argued, for plaintiff-appellant.

Jerome B. Buckley, Jr., Portland, Or., argued, for defendants-appellees.

Before KOELSCH, DUNIWAY and GOODWIN, Circuit Judges.

KOELSCH, Circuit Judge:

Winterberger, a member of the appellee Local 162, General Teamsters Auto Truck Drivers and Helpers Union (Local 162), appeals from summary judgment entered in favor of Local 162 in this action for damages and equitable relief under section 102 of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 412. On this appeal the sole question is whether the district court erred in dismissing the action on the ground that Winterberger had failed to exhaust available intra-union remedies prior to commencing suit.

The facts, so far as need be noticed, are briefly these: Local 162, following a disciplinary hearing, fined Winterberger for crossing the picket line of another union. Winterberger appealed to his Union's Joint Council but was denied relief. He then requested the International Union to waive the requirement that the amount of the fine be deposited with the International as a pre-condition of a further appeal. When the International refused, Winterberger declined to comply with the requirement and abandoned his appeal to the International.

Local 162 then filed suit in an Oregon State Court of general jurisdiction to collect the fine. Judgment went against Local 162, the court ruling that the disciplinary proceeding was void for Local 162's failure to comply with the notice requirement of section 101(a)(5) of the LMRDA (29 U.S.C. § 411(a)(5)).

Local 162 then held a new disciplinary proceeding and again assessed a fine against Winterberger for crossing the picket line. Winterberger refused to pay. He did not pursue his intra-union remedies but instead filed this suit.

■ Ordinarily, a court possesses jurisdiction to review an intra-union or similar administrative-like proceeding whether or not the aggrieved party has exhausted administrative remedies. *Verville v. Int. Ass'n of Mach. & Aero. Wkrs.*, 520 F.2d 615 (6th Cir. 1975); *Buzzard v. Local Lodge 1040 Int. Ass'n of Mach. & Aero. Wkrs.*, 480 F.2d 35 (9th Cir. 1973). But as a matter of sound policy, courts usually decline to intercede and in most instances act within their discretion in doing so. *NLRB v. Industrial Union of Marine and Shipbuilding Wkrs.*, 391 U.S. 418, 426, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968); *Buzzard v. Local Lodge 1040 Int. Ass'n of Mach. & Aero. Wkrs., supra,* 480 F.2d at 41.

■ However, there are occasions when a court is obliged to exercise its jurisdiction and is guilty of an abuse of discretion if it does not, the most familiar examples perhaps being when resort to the administrative route is futile or the remedy inadequate. *See, generally,* 3 Davis, Administrative Law Treatise § 20.07 (1958, Supp.1972). We think another such instance is where the administrative proceeding is void.

■ An administrative proceeding infected with fundamental procedural error, like a void judicial judgment, is a legal nullity and subject to collateral attack. *Eagles v. Samuels,* 329 U.S. 304, 314, 67 S.Ct. 313, 91 L.Ed. 308 (1946); 2 Davis, Administrative Law Treatise § 18.10 (1958); Restatement, Judgments §§ 6, 63 (1942). From the standpoint of the judicial and administrative policies underlying the exhaustion requirement, however, the chief problem presented by apparently premature claims for judicial relief from administrative action based on grounds of voidness is that of formulating a standard adequate to distinguish those cases in which the voidness exception can be applied without impairing the interests served by the exhaustion requirement from those in which the litigant ought to be required to exhaust administrative remedies in the first instance. Certainly, the mere allegation that the administrative proceeding from which judicial relief is sought was void is insufficient to deprive a court of discretion to refuse jurisdiction of the claim pending exhaustion of available administrative remedies. The Court of Appeals for the Second Circuit has adopted a more stringent standard and applied the voidness exception where "conceded or easily determined facts show a serious violation of [a union member's] rights." *Libutti v. Di Brizzi,* 337 F.2d 216, 219 (2d Cir. 1964). *Accord: Simmons v. Avisco, Local 713, Textile Wkrs. Union,* 350 F.2d 1012 (4th Cir. 1965). *See also Detroy v. American Guild of Variety Artists,* 286 F.2d 75 (2d Cir. 1961), *cert. denied,* 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961); *Eisman v. Baltimore Reg. Joint Bd. of Amal. Cloth. Wkrs.,* 352 F.Supp. 429 (D.C.Md.1972), *aff'd,* 496 F.2d 1313 (4th Cir. 1974) (per curiam).

■ We need not pass on the adequacy of such a standard here, however, since the distinguishing feature of this case is the existence of a judgment of a court of competent jurisdiction adjudicating the disciplinary hearing void. The judgment of the Oregon state court declaring the first proceeding to be a nullity is res judicata on the question of the validity of the first hearing and concludes the Union as to that issue. *See Jacques v. Local 1418, Int. Longshoremen's Ass'n,* 404 F.2d 703 (5th Cir. 1968); Restatement, Judgments §§ 68, 70 (1942). In view of the existence of indisputable grounds for concluding that the intramural proceeding from which judicial relief is sought was void, it is not apparent what interest promoted by the exhaustion rule would be served by its enforcement in this case. Certainly, given the Oregon judgment, what we described in *Buzzard* as "[a] primary reason for the existence of the exhaustion doctrine" (480 F.2d at 41)—the value to the courts of a prior union interpretation of its own rules and a refinement of the issues presented by the dispute—

would not be furthered by requiring appellant to exhaust internal union appeals in this case. *Cf. McKart v. United States,* 395 U.S. 185, 198–99, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

 Moreover, one consequence of the intervening state court judgment is to dispel any judicial concern over the prospect that litigious union members could outflank the exhaustion requirement by premature suits founded on bald allegations of voidness. The Union having submitted the issue of the validity of the first disciplinary proceeding to the Oregon court for determination and that court having conclusively established that the proceeding failed to comply with the requirements of 29 U.S.C. § 411(a)(5) and was as a consequence void (*Cf. Semancik v. United Mine Workers of America Dist. # 5,* 466 F.2d 144, 157 (3d Cir. 1972)), no basis is presented for fearing that application of the voidness exception on facts such as those of this case will consume the exhaustion rule or otherwise impair its reasoned application.

There thus exists a perceived analytical basis in this case for permitting appellant access to the district court without having fully exhausted an available intra-union remedy: to the extent that Winterberger seeks judicial relief from injuries allegedly sustained as a result of the first disciplinary proceeding, the res judicata effect of the state court judgment removes any ground upon which the district court could have exercised its discretion to enforce the exhaustion requirement. We accordingly hold that the district court erred in dismissing the action on the ground that appellant had failed to exhaust intra-union remedies following the *first* disciplinary proceeding.

A further point bears mention. The fact that the Union conducted a second and presumably valid disciplinary proceeding does not bar appellant's claim for damages allegedly sustained as a result of the first. *Kerr v. Screen Extras Guild, Inc.,* 466 F.2d 1267 (9th Cir. 1972), *cert. denied,* 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1972); *Yablonski v. United Mine Workers,* 148 U.S.App.D.C. 177, 459 F.2d 1201 (1972).

Nevertheless, to the extent that the district court dismissed the action on the grounds that appellant had failed to exhaust available intra-union remedies following the *second* disciplinary hearing, it was clearly correct in doing so. The presumptively valid second proceeding thus serves to limit appellant's claim for damages.

The judgment is affirmed as to any claim based upon the second proceeding and reversed and remanded as to any claim based upon the first.

Affirmed in part, reversed in part and remanded.

Nó costs.