**Wanda GARLAND, as Administratrix of the Estate of Cecil Jerry Garland, Deceased, Plaintiff,**

v.

**GENERAL FELT INDUSTRIES, INC. and Northwestern National Life Insurance Company, Defendants.**

**Civ. A. No. 4:-90–cv–47–HLM.**

United States District Court, N.D. Georgia, Rome Division.

Aug. 6, 1991.

---

**949**

H. Sanders Carter, Jr. and Michael Andrew Coval, Carter & Ansley, Atlanta, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defendants' Motions for Summary Judgment and Motion for Leave to File a Supplemental Affidavit in Support of their summary judgment motions. Defendant General Felt Industries contends that Plaintiff failed to exhaust her administrative remedies prior to bringing this ERISA action. Defendant Northwestern National Life Insurance Company contends that it is not subject to suit as an ERISA fiduciary. Plaintiff has opposed all motions.

In November of 1988, Cecil Jerry Garland was admitted to the Vanderbilt University Medical Center to undergo an autologous bone marrow transplant. Mr. Garland executed an assignment of benefits form in favor of Vanderbilt Medical Center. Prior to his admission Mr. Garland had taken the precaution of obtaining preadmission certification from his insurer.[1] Mr. Garland's hospital stay ended after approximately nine days. Mr. Garland incurred medical expenses totaling $99,206.82.

At the time of Mr. Garland's treatment he was a beneficiary under an employee welfare benefit plan sponsored and maintained by the Defendant, General Felt Industries ("GFI"). GFI set up the plan with Northwestern National Life Insurance Company ("Northwestern") under an agreement in which Northwestern would provide all the administrative services but not accept liability for, or underwrite GFI's liability for, the payment of benefits. Under this "Administrative Services Only" agreement, Northwestern made the initial determination of whether a claim would be paid and in what amount. GFI, on the

Robert Michael Withrock, Avrett & Withrock, Dalton, Ga., for plaintiff.

1. Plaintiff contends that Mr. Garland obtained this preadmission certification from Defendant Northwestern National Life Insurance Company. The Defendants disputes this. According to Defendants, Medtrac, a third party vendor which provides "precertification services" to Northwestern authorized Mr. Garland's admission to the hospital for the transplant. Defendants further assert that "preadmission certification" does not mean that medical benefits are guaranteed under the policy.

other hand, retained final authority to determine what would and would not be paid.

An employee benefits book issued by GFI sets out the administrative procedures by which an employee can obtain a review of an adverse claims decision. Basically, a claimant is given 60 days in which to appeal a denial of benefit. The sixty days is measured from the receipt of a written denial of claim, or, if no written notice is sent within ninety days from the time the claim was made, the claimant may assume a denial.

Following Mr. Garland's treatment, Vanderbilt Medical Center ("Vanderbilt") made a demand for payment. Northwestern determined that the claim was not covered by the GFI benefits plan and partially denied the claim. By letter dated January 12, 1989, Northwestern notified Vanderbilt of its decision. Northwestern took no steps to notify Mr. Garland of its decision.

Mr. Garland returned home in December of 1988 to spend the remaining months of his life with his family. He died on March 12, 1989. Mrs. Garland was appointed administratrix of her husband's estate. She eventually obtained legal counsel to help her with the debts of the estate. On October 12, 1989, she made a demand for payment on GFI through counsel.

GFI refused to review Mrs. Garland's claim. GFI sent Mrs. Garland a letter which stated that all monies owed by it had been paid. The letter further advised Mrs. Garland that any questions she had about the unpaid bills should be directed to the physicians who treated her husband. On November 21, 1989, Mrs. Garland requested GFI to review her claim. GFI chose not to.

Finally on February 26, 1990, Mrs. Garland filed suit against GFI under ERISA for nonpayment of her medical claim. Defendants' position is that Mrs. Garland's claim is barred by her failure to request a review within sixty days from the denial of her claim. Defendants have filed a motion for summary judgment contending that Mrs. Garland's suit must be dismissed for failure to exhaust her administrative remedies.

### A. *Failure to Exhaust Administrative Remedies*

■ Before an employee may commence a legal action arising out of the denial of benefits under an ERISA plan, she must first exhaust whatever avenues of administrative redress exist under the plan. *Merritt v. Confederation Life Insurance Co.,* 881 F.2d 1034 (11th Cir.1989); *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir.1985); *Denton v. First National Bank of Waco, Texas,* 765 F.2d 1295 (5th Cir.1985). This rule conserves judicial resources by reducing frivolous claims, minimizes the cost of dispute resolution, and allow a court to analyze a fully developed record if litigation is required. *See, Mason,* supra.

Defendants point out that the administrative review procedure established in its medical benefits plan requires the claimant to request an appeal within sixty days of a claim's denial. Defendants contend that Mrs. Garland should have filed a request for a review within sixty days of the letter it sent to Vanderbilt advising that the claim would not be paid. Moreover, Defendants argue, even if the letter to Vanderbilt was not sufficient notice of the claim's denial, Mrs. Garland was informed by a GFI employee relations manager in mid January 1989 that the claim would not be paid. Defendants admit, however, that the actual claimant, Mr. Garland, was never informed that the claim would be denied. Even this lack of notice is not material in Defendants' view. According to its employee benefits booklet, where a claim is submitted for more than ninety days without action taken thereon, a claimant is entitled to assume that the claim has been denied.

Defendants' position on this motion for summary judgment is that since Mrs. Garland did not file a request for review of her claim within ninety days from any of the above possible dates of her notice that the claim was denied, she is no longer eligible for such a review. Further, since she has therefore failed to exhaust her administrative remedies, her claim must be dismissed.

Such a harsh result, however, is not compelled by the record before this Court.

■ Employers who wish to rely on the exhaustion of remedies doctrine to avoid judicial scrutiny of their claims procedures must comply with applicable ERISA provisions. One of these provisions lays out very specific requirements for giving adequate notice of a claim's denial. 29 U.S.C. 1133 provides as follows:

"In accordance with regulations of the secretary, every employee benefit plan shall-

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the claimant."

The federal regulation promulgated by the secretary of labor to implement the statutory mandate provides:

"(f) Content of notice. A plan administrator or, if paragraph (c) of this section is applicable, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) the specific reason or reasons for the denial;

(2) specific reference to pertinent plan provisions on which denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review."

29 C.F.R. 2560.503–1(f) (1980).

Although Defendants claim that they provided notice of its denial of benefits in a variety of ways, none of these met the requirements above. The only written notice Defendants ever provided was sent to Vanderbilt, rather than to Mr. Garland. This notice stated simply that Defendants considered the procedure provided Mr. Garland to be experimental and, for that reason, not covered by the plan. The written notice failed to make specific reference to any provision of the plan, to list additional material required to perfect a claim, and appropriate steps to be taken in order to review the claim. Defendants have, therefore, failed to give adequate notice of their denial of the claim.

Under ERISA it is clear that inadequate notice of a claim denial does not trigger a time bar contained within the plan. *White v. Jacobs Engineering Group*, 896 F.2d 344 (9th Cir.1989); *Challenger v. Local Union No. 1 of International Bridge, Structural & Ornamental Ironworkers, AFL–CIO*, 619 F.2d 645 (7th Cir.1980). Since Defendants' notice was inadequate, the ninety day time bar of their medical benefits plan was not triggered. It follows therefore that an administrative review of Plaintiff's claim is not barred. Defendants' Motion for Summary Judgment, to the extent it is grounded on Plaintiff's inability to obtain administrative review of her claim, is therefore denied.

### B. *Futility*

Plaintiff is nonetheless left in a situation where she has failed to exhaust her administrative remedies. This defect is not cured by the Defendants' procedural failings. *See, Wolfe v. J.C. Penney Co., Inc.*, 710 F.2d 388 (7th Cir.1983).

■ Plaintiff nonetheless argues that, at this point, an administrative review of her claim would be futile. She points out that in November of 1989, prior to this litigation, she requested such a review and was denied. Further, she contends, Defendants' position as to the medical expenses incurred is now so hardened that an administrative review would be pointless. This Court agrees that the result of such a review may be substantially foreshadowed by the history of this dispute. Under clear Eleventh Circuit precedent, however, "[T]he test for futility is not, ... whether the employee's claim would succeed, but whether the employees could have availed

themselves of the grievance procedure." *Mason*, 763 F.2d, at 1224.

 Under the Eleventh circuit test for futility the Court cannot be persuaded by the likely outcome of the administrative review.[2] The only inquiry, apparently, is whether a grievance procedure exists. In this case such procedure clearly exists and could be utilized by the Plaintiff. Even the Defendants, when they "assumed" that Plaintiff's claims were not barred, has taken the position that Plaintiff should be required to submit her claim to administrative review. This Court cannot hold otherwise.[3]

The record before this Court shows clearly that Plaintiff has not exhausted her administrative remedies, and this Court has found that the administrative review process is not futile. This Court must therefore grant Defendant's motion for summary judgment on this ground, and remand this action back to the ERISA fiduciary for a review of Plaintiff's benefit claim. *See, Merritt v. Confederation Life Insurance Company*, 881 F.2d 1034 (11th Cir.1989). This Court is sympathetic, however, to the plight of the Plaintiff in this case who, after two years of litigation has won simply the review she was entitled to in the beginning. Plaintiff is reminded of her ability under ERISA to receive attorney's fees after winning on a substantial question. *See*, 29 U.S.C. 1132(g)(1); *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587 (9th Cir.1984). Plaintiff is also on notice that this Court is available for an expedited review of any further claims once administrative remedies have been exhausted.

As this Court's decision on Defendants' Motion for Summary Judgment is dispositive, this Court does not reach the question of whether Northwestern is a proper party defendant in this action.

Accordingly, based on the above, Defendants' Motion for Summary Judgment is

denied in part and granted in part. Plaintiff's claim for ERISA benefits shall be reviewed by Defendants and the present action dismissed without prejudice. Defendants' Motion to File a Supplemental affadavit is denied as moot.

IT IS SO ORDERED.

---

2. Other circuits take a different view. *See, Denton v. First National Bank of Waco, Texas*, 765 F.2d 1295 (5th Cir.1985); *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980); *Winterberger v. General Teamsters Auto Truck Drivers and Helpers Local Union*, 558 F.2d 923 (9th Cir.1977).

3. Plaintiff has pointed out that after the delays already occasioned in this case, it would be unjust to require her to face another three month delay. The delays occasioned by appeal, however, are usually longer.