42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pauline NEWTON,* Special Administrator for
the Estate of David Kaplan, Plaintiff-Appellant,
v.
BARISH CHRYSLER-PLYMOUTH MEDICAL PLAN; Escobar Diversified
Services, Defendants-Appellees.
 No. 93-55575.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 15, 1994.
 
 1
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Pauline Newton, Administrator of the Estate of David Kaplan, appeals the dismissal of an action against Barish Chrysler-Plymouth Medical Plan (Plan) and Escobar Diversified Services (EDS), claims supervisor for the Plan. We will hereafter refer to the appellant as Kaplan. Kaplan argues that because the complaint alleged that administrative remedies were exhausted or that exhaustion was excused by futility, the district court erred in dismissing a claim for ERISA plan benefits. Kaplan also argues that ERISA does not preempt his state law claims, which were based upon EDS' disclosure of his HIV status. We affirm.
 
 
 4
 1. Even though another panel has already decided that we have jurisdiction, EDS asks us to reconsider that question. We, of course, may do so. See Larez v. City of Los Angeles, 946 F.2d 630, 636 (9th Cir.1991). If the district court's oral ruling would be appealable had it been immediately followed by the entry of judgment, then a premature notice of appeal filed before the entry of final judgment is also effective. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276, 111 S.Ct. 648, 653, 112 L.Ed.2d 743 (1991); Fed.R.App.P. 4(a)(2). Ordinarily, the dismissal of a complaint with leave to amend is not a final, appealable order. See Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983); cf. McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992). However, a decision need not be "final" within the meaning of 28 U.S.C. Sec. 1291 in order for a premature notice of appeal to relate forward and serve as an effective notice when the judgment does become final. See FirsTier, 498 U.S. at 274-75, 111 S.Ct. at 652.
 
 
 5
 Here the district court did suggest that Kaplan might want to return to the Plan to exhaust remedies and then amend the complaint. However, the court only suggested that as a possibility. Kaplan did not take the hint, and the judgment followed in due course. Kaplan could reasonably have believed that the district court's decision from the bench was a final judgment--it finally determined that Kaplan had not exhausted administrative remedies and was not entitled to other relief. That was final, unless and until Kaplan went out and exhausted remedies. In other words, it was final as far as the case that Kaplan put before the court was concerned. We, therefore, do have jurisdiction.
 
 
 6
 2. Kaplan asserts that he has either exhausted his administrative remedies or need not do so. Generally, a beneficiary who seeks a determination of plan benefits must first exhaust administrative remedies provided by the plan before he may obtain judicial review. See Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir.1980). The district court has discretion to waive that requirement when exhaustion would be futile or the remedy would be inadequate. See Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1416 (9th Cir.1991); Amato, 618 F.2d at 568.
 
 
 7
 As required by ERISA, the Plan provided for an appeal of the initial decision. See 29 U.S.C. Sec. 1133(2); 29 C.F.R. Sec. 2560-503.1(g). It required that a written 60-day notice of appeal after a denial be filed and that the notice set forth the reason for the appeal. Kaplan never filed that notice of appeal. It is true that he pled that he had done so, but that claim was refuted by the documents attached to his complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994); Roth v. Garcia Marquez, 942 F.2d 617, 625 n. 1 (9th Cir.1991). Cf. Winterberger v. General Teamsters Auto Truck Drivers and Helpers Local Union 162, 558 F.2d 923, 925 (9th Cir.1977). The district court told counsel that if the complaint could be amended to indicate compliance with the appeal requirements, it would give Kaplan leave to do so. Counsel declined.
 
 
 8
 It is true that Kaplan's lawyer did send a letter asking what the appeal procedure was. Kaplan suggested to the district court and now suggests that no more has to be shown. But that letter was a mere request for information and a rattling of sabers--it does not even outline the nature of Kaplan's complaint. We have no doubt that if Kaplan's experienced attorneys had wanted that document to be the notice of appeal, they well knew how to phrase it. The attempt to convert it into a notice at this late date asks us to believe "the thing which was not." Jonathan Swift, Gulliver's Travels 258-59 (Franklin Library 1974).
 
 
 9
 The alternative claim that exhaustion would have been futile fares no better. Kaplan himself submitted letters from EDS which evinced a willingness to review his appeal when it was taken. Indeed, Kaplan points to a letter which said that an opinion had been sought from the reinsurance carrier. He believes that demonstrates that futility existed. We do not see how that letter demonstrates any such thing. If anything, it shows a willingness to rethink the issue. It does not show that Kaplan need not submit an appeal in the manner required by the Plan itself. From counsel's colloquy with the district court, it appears that Kaplan just did not want to bother doing so--that is not the stuff of which futility is made.
 
 
 10
 Finally, Kaplan asserts that he did not have proper notice of the appeal steps. If not, the time bar for appeals could have been affected. See White v. Jacobs Eng'g Group Long Term Disability Benefit Plan, 896 F.2d 344, 349-52 (9th Cir.1989). However, that did not obviate the need to appeal.
 
 
 11
 3. Before the Plan determined that because of a preexisting HIV condition Kaplan was not entitled to plan benefits, money had already been paid to some providers. In requesting reimbursement from those health care providers, EDS disclosed that Kaplan had HIV. Kaplan alleged that this disclosure violated California Constitution Art. 1, Sec. 1 (right to privacy) and California Health & Safety Code Sec. 199.21.[1] The district court determined that the state law claims were preempted and we agree.
 
 
 12
 If state law were applied in this case, it would encroach upon the administration of the Plan and its benefits. See Aloha Airlines, Inc. v. Ahue, 12 F.3d 1498, 1504 (9th Cir.1993); General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521-22 (9th Cir.1993). We think it pellucid that enforcement of the alleged state law rights would require a determination that there was misconduct in the handling of Kaplan's claim for benefits. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131-32 (9th Cir.1993) (per curiam), cert. denied, --- U.S. ----, 114 S.Ct. 1612, 128 L.Ed.2d 340 (1994); Gibson v. Prudential Ins. Co. of Am., 915 F.2d 414, 416-18 (9th Cir.1990); Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 493-94 (9th Cir.1988) (per curiam), cert. denied, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); Johnson v. District 2 Marine Eng'rs Beneficial Ass'n, 857 F.2d 514, 517-18 (9th Cir.1988) (per curiam).
 
 
 13
 It is true that EDS was attempting to recoup benefits paid out to third party providers at Kaplan's behest, rather than denying payment in the first place. That is a distinction without a difference. One would hardly expect third party providers to disgorge payments without an explanation of some kind, and it would be pure formalism to wait for rejection or for litigation in which the Plan would have to prove its claim before any recovery could be had. Kaplan asserts that in this case it was not necessary to disclose his condition to his own providers because they might have disgorged the funds with no explanation of the reason that the benefits were paid in error. We are dubious. But even if it were not absolutely necessary, we are satisfied that it was at least reasonably necessary to make the disclosures in question. Given that, we hold that ERISA did most certainly preempt the claims made in this case. We need not, and do not, decide whether the test for preemption should be even more stringent, for example, whether the administrator's action should be exogenous before a state claim is permitted. There is no need to do so because even using a standard of reasonable necessity, the district court's preemption decision in favor of EDS was correct.
 
 
 14
 Nor, by the way, does Kaplan's assertion that ERISA's purpose is to protect beneficiaries change the decision. "[V]ague notions of a statute's 'basic purpose' are nonetheless inadequate to overcome the words of its text regarding the specific issue under consideration." Mertens v. Hewitt Assocs., --- U.S. ----, 113 S.Ct. 2063, 2071, 124 L.Ed.2d 161 (1993) (emphasis omitted). Furthermore, the structure of ERISA makes it clear that protection of beneficiaries was not the sole purpose of that statute--controlling costs by controlling state law claims was also part of Congress' purpose. See Mertens, --- U.S. at ----, 113 S.Ct. at 2072; Aloha Airlines, 12 F.3d at 1503.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Pauline Newton, Administrator of the Estate of David Kaplan, is substituted for David Kaplan pursuant to Fed.R.App.P. 43(a)
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state law causes of action were asserted against both the Plan and EDS, although EDS sent the letters. Kaplan has not pressed the state law claims against the Plan. Kaplan also has not argued infliction of emotional distress claims. Those claims are waived. See Bricklayers & Allied Craftsman Local No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)