Andrew **ROSS** and Druezisla Ross, Plaintiffs,

v.

**DIVERSIFIED BENEFIT PLANS, INC.,** The Business Insurance Trust, and "The Plan", Defendants.

No. 93 C 7306.

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1995.

Michael Peter Concannon, Raymond P. Concannon, Ltd., Chicago, IL, for plaintiffs Andrew Ross, Druezisla Ross.

Paul L. Jackson, Roetzel and Andress, Akron, OH, Douglas Mark Brown, Law Offices of Douglas M. Brown, Chicago, IL, for defendants Diversified Benefit Plans, Inc., Business Ins. Trust, The Plan.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Before the Court are plaintiffs' and defendants' cross motions for summary judgment. For the reasons stated herein, defendants' motion is denied, plaintiffs' motion is denied, and the case is remanded to Diversified Benefit Plans, Inc. for a new determination of Mr. Ross' claim.

### Facts

Plaintiff, Andrew Ross ("Mr. Ross"), works as a greaser-mechanic for Yellow Cab Company ("Yellow Cab") in Chicago, Illinois. Prior to April 1, 1990, Yellow Cab provided group health care insurance coverage to its employees with Benefit Trust Life Insurance Company ("Benefit Trust"). The Benefit Trust plan allegedly covered Mr. Ross as well as his dependents, including his son Brian who is afflicted with Down's Syndrome. On April 1, 1990, Yellow Cab took out a new employee welfare benefit plan ("the Plan"), for which Defendant, Diversi-

fied Benefit Plans, Inc. ("Diversified"), is a third party administrator.

In the summer of 1990, Brian Ross was diagnosed with bilateral retinal detachment and consequently underwent surgery at the University of Illinois Hospital in Chicago. Thereafter, Mr. Ross filed a claim with Diversified for reimbursement of medical expenses associated with the surgery. On September 14, 1990, Diversified denied Mr. Ross' claim on the basis of the pre-existing conditions exclusion provision of the Plan. On June 10, 1991, Mr. Ross sent Diversified a written request for review of the denial of his claim. On July 15, 1991, Diversified informed Mr. Ross that his claim would remain denied.

On February 18, 1992, Mr. Ross and his wife Druezisla brought this action against Diversified in the Circuit Court of Cook County to recover benefits allegedly due under the terms of the Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). On October 5, 1993, the plaintiffs filed an amended complaint adding defendants, the Business Insurance Trust and "The Plan." On December 3, 1993, the defendants removed the action to this Court. Both parties now move for summary judgment pursuant to FED.R.CIV.P. 56.

### *Discussion*

In support of their motion for summary judgment, defendants argue that plaintiffs failed to timely exhaust the appeal procedures required under the Plan. Specifically, plaintiffs did not comply with the Plan provision requiring participants to appeal an adverse decision within sixty days of the notification denying the claim. In response, plaintiffs maintain that Diversified's letter denying Mr. Ross' claim was defective, and therefore exhaustion should be excused in this case.

#### 1. *Exhaustion*

The regulations promulgated by the Department of Labor ("DOL") authorize "[a] plan [to] establish a limited period within

which a claimant must file any request for review of a denied claim." 29 C.F.R. § 2560.503–1(g)(3). In the present case, the Plan description given to Yellow Cab employees states that Plan participants have sixty days to submit a request for review from the date of receiving notice of an adverse decision. *See* Complaint, Ex. A, p. 30; Defendants' 12(M) Statement, ¶ 19. Diversified sent Mr. Ross a notice denying the claim on September 14, 1990; Mr. Ross sent Diversified his request for review on or about June 10, 1991. *See* Defendants' 12(M) Statement, ¶ 13; Affidavit of Robert McDonald ("McDonald Aff."), Exs. B, D.[1] Accordingly, the record reveals that Mr. Ross waited approximately nine months after receiving notice of the adverse decision to appeal the denial of his claim.

■ ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action. *Kross v. Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir.1983). Accordingly, the decision to require exhaustion as a prerequisite to bringing suit is a matter within the discretion of the trial court. *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991) (citations omitted); *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 658 (7th Cir.1992) (citations omitted). Plaintiffs argue that exhaustion of administrative remedies should be excused in the present case because Diversified's initial denial notice did not satisfy the requirements of 29 U.S.C. § 1133.

#### 2. *Adequacy of Denial Notice*

■ ERISA establishes certain minimum requirements for procedures and notification when a plan administrator denies a claim for benefits. In a nutshell, ERISA requires that specific reasons for denial be communicated to the claimant in a comprehensible manner and that the claimant be afforded an opportunity for "full and fair review" by the administrator. *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 688 (7th Cir.1992). 29 U.S.C. § 1133 provides:

---

1. The plaintiffs did not file a responsive statement pursuant to Local Rule 12(N) contesting these facts. Consequently, they are deemed admitted for purposes of this motion. *See* N.D.ILL.LOCAL RULE 12(N); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992).

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The DOL regulations promulgated pursuant to 29 U.S.C. § 1133 set forth with greater specificity the requirements for an initial notice of a claim denial:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f). These requirements are designed to ensure that a claimant who appeals a denial to the plan administrator will be able to address the determinative issues and have a fair chance to present his or her case. *Halpin v. W.W. Grainger, Inc.,* supra, 962 F.2d at 689; *see also Matuszak v. Torrington Co.,* 927 F.2d 320, 323 (7th Cir. 1991).

■ A notice of denial which fails to comply with these requirements does not trigger a time bar contained within the plan. *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* 896 F.2d 344, 349–50 (9th Cir.1989); *Challenger v. Local Union No. 1 of Int'l Bridge, Structural and Ornamental Ironworkers, AFL–CIO,* 619 F.2d 645, 648 (7th Cir.1980); *Garland v. General Felt Industries, Inc.,* 777 F.Supp. 948, 951 (N.D.Ga.1991). A denial notice which substantially complies with the regulations will

satisfy 29 U.S.C. § 1133. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 180 (7th Cir.1994) (citations omitted); *Donato v. Metropolitan Life Insurance Co.,* 19 F.3d 375, 382 (7th Cir.1994) (citations omitted).

### a. *Specific Reasons for Denial*

■ A plan administrator must advise a claimant of "the specific reason or reasons for the denial." 29 C.F.R. § 2560.503–1(f)(1). To satisfy this requirement, the administrator must "set out in opinion form the rationale supporting [its] decision." *Halpin v. W.W. Grainger, Inc.,* supra, 962 F.2d at 693 (citing *Richardson v. Central States, Southeast & Southwest Areas Pension Fund,* 645 F.2d 660, 665 (8th Cir.1981)). Conclusory statements, unaccompanied by reasons or an explanation of the evidence on which the plan administrator relied, are inadequate. *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* supra, 896 F.2d at 350 (citing *Wolfe v. J.C. Penney Co., Inc.,* 710 F.2d 388 (7th Cir.1983)); *see also Halpin v. W.W. Grainger, Inc.,* supra, 962 F.2d at 693 ("bare conclusions are not a rationale") (citations omitted).

■ In its September 14, 1990 letter, Diversified provided the following "reasons" for denying Mr. Ross' claim: "PRE–EXISTING CONDITION, REFER TO PLAN BOOK" and "This claim has since been determined to be pre-existing." Defendants' 12(M) Statement, McDonald Aff., Ex. B. Clearly, Diversified offered only a conclusion that Brian Ross had a pre-existing condition without any explanation or rationale in support of its decision. This is precisely the sort of bare conclusion that the Seventh Circuit has found violative of 29 U.S.C. § 1133. *See Halpin v. W.W. Grainger, Inc.,* supra, 962 F.2d at 693; *Wolfe v. J.C. Penney Co., Inc.,* supra, 710 F.2d at 392. *Accord, Richardson v. Central States, Southeast & Southwest Areas Pension Fund,* supra, 645 F.2d at 665; *Grossmuller v. Int'l Union, United Automobile Aerospace and Agricultural Implement*

*Workers of America,* 715 F.2d 853, 858 (3rd Cir.1983).

### b. Information regarding Appeal Procedure

A written notice of denial must also set forth "[a]ppropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review." 29 C.F.R. § 2560.503–1(f)(4). Although the Plan book sets forth the Plan's internal appeal procedure, *see* Complaint, Ex. A, p. 30, the denial notice did not mention the Plan's appeal procedure or specifically refer the claimant to the Plan book for information about the appeal procedure. This omission is not excusable. *See Wolfe v. J.C. Penney Co., Inc., supra,* 710 F.2d at 392 ("subsection (4) of 29 C.F.R. § 2560.503–1 must invariably be met to satisfy section 1133(2)").

### c. Resolution

Diversified's September 14, 1990 denial notice clearly "misses the Section 1133 target." *Id.* It offered Mr. Ross only bare conclusions rather than a comprehensible rationale, and it failed to advise Mr. Ross of the steps to be taken for obtaining review.[2] Diversified's notice therefore did not substantially comply with 29 U.S.C. § 1133. Accordingly, the sixty day time bar of the Plan was not triggered. Consequently, administrative review of Mr. Ross' claim is not time barred.

█ Diversified's procedural violation does not entitle the plaintiffs to a substantive remedy. *See Wolfe v. J.C. Penney Co., Inc., supra,* 710 F.2d at 393; *Kreutzer v. A.O. Smith Corp.,* 951 F.2d 739, 743 (7th Cir. 1991). Because policy considerations favor allowing the fiduciary to decide an employee's benefit eligibility, this case must be remanded to Diversified for a new determination of Mr. Ross' claim. *See Wolfe v. J.C. Penney Co., Inc., supra,* 710 F.2d at 393; *Halpin v. W.W. Grainger, Inc., supra,* 962 F.2d at 697.[3] However, the Court will retain

jurisdiction over this case. *See Krawczyk v. Harnischfeger Corp.,* 869 F.Supp. 613, 618 (E.D.Wis.), *aff'd,* 41 F.3d 276 (7th Cir.1994); *Jader v. Principal Mutual Life Insurance Co.,* 723 F.Supp. 1338, 1342 n. 16 (D.Minn. 1989).

### Conclusion

For the reasons stated herein, defendants' motion for summary judgment is denied. Plaintiffs' motion for summary judgment is also denied. The case is remanded to Diversified for a new determination of Mr. Ross' claim. Diversified shall, within sixty days of this order, inform the Court and opposing counsel of its new determination.

---

**2.** Diversified's July 15, 1991 letter denying Mr. Ross' appeal was defective for the same reasons. *See* Complaint, Ex. E. Accordingly, it did not remedy the deficiencies of the initial denial notice. *See Halpin v. W.W. Grainger, Inc., supra,* 962 F.2d at 693.

**3.** Plaintiffs argue that exhaustion of remedies should be excused in this case because further review would be futile. In order to successfully invoke the futility exception to the exhaustion

requirement, plaintiffs must show that "it is certain that their claim will be denied on appeal, not merely that they doubt that an appeal will result in a different decision." *Smith v. Blue Cross & Blue Shield United of Wisconsin, supra,* 959 F.2d at 658–59 (citations omitted). Plaintiffs have not made such a showing here. Accordingly, their cross motion for summary judgment is premature.