Andrew ROSS and Druezisla
Ross, Plaintiffs,

v.

DIVERSIFIED BENEFIT PLANS, INC.,
The Business Insurance Trust, and
"The Plan,", Defendants.

No. 93 C 7306.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 16, 1997.

Michael Peter Concannon, Raymond P. Concannon, Ltd., Chicago, IL, for Plaintiffs.

Paul L. Jackson, Roetzel and Andress, Akron, OH, Douglas Mark Brown, Law Offices of Douglas M. Brown, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Andrew and Druezisla Ross ("Rosses"), brought suit under ERISA against Mr. Ross' employer's benefits plan ("the Plan"), its third-party administrator, Diversified Benefit Plans, Inc. ("Diversified"), and the Business Insurance Trust to recover benefits for their son's treatment. Brian Ross' health care providers accepted partial payment from the defendants, releasing them and the Rosses from liability. The Rosses moved for attorney's fees. For the following reasons, the motion is granted, in part, and denied, in part.

### I.

In the summer of 1990, Brian Ross underwent treatment at the University of Illinois Hospital and the University of Illinois College of Medicine ("health care providers"). The health care providers sent claims to the defendants, who denied payment. Plaintiffs brought suit to reverse that decision in state court in February 1992. The case was removed to federal court in December 1993. In September 1996, the defendants entered into Settlement Agreements and Releases ("settlement") with Brian Ross' health care providers. For $28,518, approximately fifty percent of the total expenses incurred, the health care providers released the defen-

dants and the Rosses from any liability related to Brian Ross' treatment.

Based on this settlement, defendants moved for summary judgment. The Rosses concede that their Third Amended Complaint is now moot. They argue that the case must nevertheless remain open because the issue of attorney's fees has not yet been resolved. However, there is no requirement that the case be alive when a court rules on a motion for attorney's fees. *See, e.g., Sullivan v. Gavin*, No. 94 C 159, 1995 WL 144392, *1 (N.D.Ill. Mar.31, 1995) (ruling on petition for attorney's fees after dismissing case); N.D. Local R. 46 ("Unless the court's order includes a different schedule for such filing, the motion shall be filed and served no later than 90 days after the entry of the judgment or settlement agreement on which the motion is founded."). This case is therefore dismissed with prejudice.

## II.

■ The court has discretion to award attorney's fees to the prevailing party in an ERISA case. 29 U.S.C. § 1132(g)(1). The fact that this case concluded by settlement raises the issue of whether the Rosses were the "prevailing party." *Hooper v. Demco, Inc.*, 37 F.3d 287, 292–93 (7th Cir.1994). This Circuit has said that

> [t]he problem with claims that are settled is that there are reasons for parties to settle that are wholly unrelated to the substance and issues involved in the litigation. A suit may be groundless, and settled for its nuisance value, or settled by a party for wholly gratuitous reasons, thus not justifying an award of attorney's fees.

*Id.* at 292. Thus, the Rosses are the "prevailing party" if (1) there is a causal link between the settlement and their lawsuit, and (2) the defendants did not act "wholly gratuitously" in response to the plaintiffs' claims. *Id.* at 292–93 (citing *In re Burlington Northern, Inc. Employment Practices Litigation*, 832 F.2d 422 (7th Cir.1987)).

■ The first prong is satisfied if the lawsuit was a catalyst or a material factor in obtaining relief.[1] *Hooper*, 37 F.3d at 292. The Rosses meet this prong. The plaintiffs were suing to recover money they owed to the health care providers for the services provided to Brian Ross. Upon receiving treatment for Brian, the plaintiffs assigned their claims to benefits to the health care providers. The Rosses and the health providers were, effectively, co-plaintiffs. But for the instant lawsuit, the defendants would not have paid the health care providers.

■ The second prong is satisfied if the Rosses' claim cannot be characterized as "frivolous, unreasonable, or groundless."[2] *In re Burlington Northern*, 832 F.2d at 435. I cannot conclude from the record that the Rosses' claim for benefits was without any basis in fact or law. *See Denton v. Hernandez*, 504 U.S. 25, 31–32, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992). In the years that the case has been in this forum, I did not have the opportunity to address the issue of liability. However, while litigating the issue of exhaustion of administrative remedies, the Rosses raised meritorious arguments in defeating the defendants' summary judgment motion and in striking one of the denials of their claim. *Ross v. Diversified*, 881 F.Supp. 331 (N.D.Ill.1995); (12/20/95 Minute Order.)

■ A prevailing party is entitled to attorney's fees if it demonstrates that "the losing party's position was not substantially justified, or that the losing party's position was taken to harass or vex the prevailing party." *Hooper*, 37 F.3d at 294.

■ The Rosses argue that the defendants advanced various positions merely to harass their opponents. The record shows that the Rosses filed their initial complaint against Diversified on February 18, 1992 in the Circuit Court of Cook County, Illinois. On October 5, 1993, the Rosses filed an Amended Complaint, in which they added Business Insurance Trust and the Plan. It was these

---

**1.** This determination is reviewed under the clearly erroneous standard. *In re Burlington Northern*, 832 F.2d at 425.

**2.** This determination is reviewed under the abuse of discretion standard. *In re Burlington Northern, Inc.*, 832 F.2d at 425.

defendants who, after being served with summons on November 23, 1993, removed the Amended Complaint to federal court on December 3, 1993.

Once in federal district court, the defendants filed a summary judgment motion on the grounds that the Rosses failed to exhaust administrative remedies. Upon denying the defendants' motion for summary judgment on March 15, 1995, I remanded the claim to be newly determined. The defendants denied the claim. On August 24, 1995, the Rosses moved to strike the denial and I granted the motion, concluding that the defendants did not comply with the pertinent ERISA regulations requiring a full and fair review of the claim, which, in turn, requires that the plaintiffs have an opportunity to submit the issues and comments in writing and to examine the pertinent documents. The defendants admitted that the plaintiffs were not given that opportunity.[3] The defendants argued that their affirmative defenses gave notice to the plaintiffs as to the potential reasons for the denials. However, the defendants neither explained how the pleadings and discovery fulfilled ERISA's procedural requirements nor offered any supporting authority. I again remanded the claim, instructing the defendants to conduct a full and fair review. (*See* 12/20/95 Minute Order.)

I conclude that plaintiffs are entitled to their attorney's fees due to defendants' repeated attempts to frustrate their rights under ERISA. *See also Halpin · v. W.W. Grainger, Inc.,* 962 F.2d 685, 697 (7th Cir. 1992) (policy considerations favor fiduciary's determination of claims); *Bittner v. Sadoff & Rudoy Ind.,* 728 F.2d 820, 828 (7th Cir.1984) (one factor relevant to award of attorney's fees under ERISA is deterrence of undesirable conduct).

■ Plaintiffs seek an award of $211,800.00 in attorneys' fees as well as $1,650.00 in costs. Although defendants do not question the amount of costs, they argue that the fees sought are excessive. Plaintiffs arrived at their dollar figure by multiplying the hours said to have been spent by counsel,

Raymond P. Concannon, 353 times an hourly fee of $300.00, to arrive at a "lodestar" of $105,900.00, which they have multiplied by two. I agree that the hourly fee of $300.00 is excessive. Mr. Concannon's hourly figure is supported by the affidavit of another attorney who says it is reasonable. Nevertheless, Mr. Concannon's experience has mostly been in contingent cases, few if any of which appear to have been in the ERISA area. Comparable cases indicate that other attorneys have not been awarded fees in this range. I conclude that $175.00 an hour is fair compensation.

■ Defendants also note that some of the time allegedly spent by Mr. Concannon was for court appearances in which he was not present. The same is true of time charged for research that is not described in specific terms. Neither has plaintiff attempted to refute defendants' argument that from one half hour to an hour is excessive for routine one or two paragraph letters. While I do not necessarily think that all of the time about which defendants complain should be held noncompensable, it is plaintiff's burden to show the reasonableness of fees sought as well as the accuracy of his time records. Plaintiff's failure to even respond to defendants' argument justifies some reduction in hours. I conclude that the amount of time should be reduced by 50 hours. I note, however, that any attorney would have been required to spend a considerable amount of time on this case due to defendants' lengthy attempt to avoid payment of the bills through various legal maneuvers. The time allowed by this opinion, 250 hours, is within a reasonable range under the circumstances. Accordingly, I conclude that plaintiff is entitled to attorney's fees in the amount of $43,750.00, plus costs in the amount of $1,650.00.

Plaintiff's request for a multiplier in addition to this amount is denied.

### Conclusion

For the reasons stated above, the Rosses' motion for attorney's fees is granted, in part, and denied, in part. The defendant shall pay

---

3. In view of this admission, the defendants' argument that it was the Rosses who sought to frustrate the administrative review process at this point in the litigation is meritless.

attorney's fees in the amount of $43,750.00 and costs in the amount of $1,650.00.[4]

4. The Rosses' motion to compel production of the defendants' financial records to ascertain the defendants' ability to satisfy the attorneys' fees award is denied as moot.